Frank Maryan Brandstetter
HUBICKI, Appellant,

v.

FESTINA, a Liechtenstein
Foundation, Appellee.

No. 05–04–00805–CV.

Court of Appeals of Texas,
Dallas.

Feb. 4, 2005.

Rehearing Overruled March 21, 2005.

Clifford A. Lawrence, Houston, John Howell House, Burt Barr & Associates, L.L.P., Dallas, for Appellant.

Alan S. Loewinsohn, Carol E. Farquhar, Steven C. Wagner, Loewinsohn & Flegle, L.L.P., Dallas, for Appellee.

Before Justices MORRIS, WHITTINGTON, and O'NEILL.

## OPINION

Opinion by Justice WHITTINGTON.

Frank Maryan Brandstetter Hubicki appeals a default judgment entered in favor of Festina, a Liechtenstein Foundation. In three issues, Hubicki contends service of process was defective; the trial court should not have entered judgment for punitive damages; and there was no or insufficient evidence to support an award of damages. We affirm the judgment of the trial court.

### BACKGROUND

In its original petition, Festina alleged it loaned Hubicki a sum exceeding two million dollars. Hubicki allegedly promised the loan would be repaid from the proceeds of the sale of his home in Acapulco, Mexico and other assets of his estate upon

his death. After Festina made the loan, Hubicki "refused to execute any of the documents necessary to carry out his promises" with respect to the loan. Festina sued Hubicki, asserting causes of action for breach of contract and fraud. Festina alleged Hubicki's fraud was "intentional, willful and malicious," and sought punitive damages in addition to actual damages of $2,030,000 and its attorneys' fees. The petition alleged Hubicki's "residence address" was in Dallas, but Hubicki "may be served" at an address in Acapulco. Festina unsuccessfully attempted to serve Hubicki by certified mail in Mexico.

Festina filed a motion for alternative service under rule 106(b) of the Texas Rules of Civil Procedure. In the motion, Festina argued its process server had been unsuccessful in its attempt to serve process on Hubicki by certified mail. Festina sought the court's permission to serve Hubicki by regular first class mail. Accompanying its motion, Festina filed the affidavit of Steven W. Thomas. Thomas's affidavit states he is authorized by written order of the court to serve process in cases filed in the district courts of Dallas County. Thomas further states Hubicki is currently in Mexico and can usually be found at a specific address in Acapulco. Thomas then explains he has attempted to serve the petition and citation on Hubicki by certified mail, return receipt requested, but Hubicki "has failed or refused to receive the certified mail," and service in this manner has been unsuccessful. Thomas concludes Hubicki "would be reasonably likely to receive the process" if it were sent by regular mail "because it would be delivered to his address without the necessity of being signed for or retrieved."

The trial judge granted Festina's motion for alternative service, but required service to be attempted by certified mail, return receipt requested, as well as by first class mail. Thomas filed returns of service showing attempts by first class mail and by certified mail, return receipt requested. Hubicki did not file an answer, and Festina moved for a default judgment.

After a hearing in which Festina presented the testimony of one fact witness and Festina's attorney, the trial court entered judgment of $2,302,000 as the principal amount of the loan and $4 million in punitive damages. The judgment also awarded Festina attorneys' fees, costs of court, and pre- and post-judgment interest. Hubicki appeals.

## STANDARD OF REVIEW

■ Hubicki brings a restricted appeal under rule 30, Texas Rules of Appellate Procedure. To obtain relief, Hubicki must demonstrate he filed notice of appeal within six months of the signed default judgment; he was a party to the litigation; he did not participate in the default hearing; he did not timely file postjudgment pleadings; and there was error on the face of the record. *See Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997) (per curiam); Tex. Rs. App. P. 26.1(c) and 30. The only dispute is whether there was error on the face of the record.

■ In a restricted appeal, we are limited to considering only the face of the record, but our scope of review is otherwise the same as that in an ordinary appeal; that is, we review the entire case. *See Norman Communications*, 955 S.W.2d at 270. The face of the record, for purposes of restricted appeal review, consists of all the papers on file in the appeal, including the reporter's record. *See Norman Communications*, 955 S.W.2d at 270. Thus, "[i]t necessarily follows that review of the entire case includes review of legal and factual insufficiency claims." *Norman Communications*, 955 S.W.2d at 270.

When a specific attack is made upon the legal or factual sufficiency of the evidence to support the trial court's determination of damages in a default judgment, the appellant is entitled to a review of the evidence produced. *Dawson v. Briggs*, 107 S.W.3d 739, 748 (Tex.App.-Fort Worth 2003, no pet.). In deciding a legal sufficiency challenge, we consider only the evidence and inferences which, when viewed in the light most favorable to the judgment, tend to support the judgment; we disregard all evidence to the contrary. *Dawson*, 107 S.W.3d at 748. In determining a factual sufficiency challenge, we consider all of the evidence to determine if the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the judgment should be set aside and a new trial ordered. *Dawson*, 107 S.W.3d at 748.

### SERVICE OF PROCESS

In his first issue, Hubicki complains service of process was deficient. Hubicki makes several complaints about service, including (1) failure to use reasonable diligence to effectuate personal service; (2) service by a person not authorized to serve process; (3) seeking alternative service before properly attempting service; and (4) sending notice to Mexico that was not reasonably calculated to give Hubicki notice of the suit.

A default judgment will be set aside if the record does not affirmatively show strict compliance with the rules governing service of citation. *Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994) (per curiam); *Payless Cashways, Inc. v. Hill*, 139 S.W.3d 793, 795–96 (Tex.App.-Dallas 2004, no pet.). There are no presumptions in favor of proper issuance, service, and return of citation. *Primate Constr. Inc.*, 884 S.W.2d at 152; *Payless Cashways*, 139 S.W.3d at 795–96.

Under rule 106 of the Texas Rules of Civil Procedure, a citation is to be served "by any person authorized by Rule 103" by either delivering a copy of the citation to the defendant in person, or "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." *See* TEX.R. CIV. P. 106(a)(2). Any person "authorized by law or written order of the court who is not less than eighteen years of age" may serve process under rule 103. *See* TEX.R. CIV. P. 103. The record contains a copy of an order authorizing Steven W. Thomas to serve citations and other notices pursuant to rule 103. Under rule 106(b), upon motion supported by affidavit stating specific facts showing service has been attempted under either rule 106(a)(1) or (2) and has not been successful, the court may authorize service in another manner reasonably calculated to give defendant notice of the suit. *See* TEX.R. CIV. P. 106(b). Under rules 108 and 108a, service may be made outside the state or in a foreign country in the manner provided in rule 106. *See* TEX. Rs. CIV. P. 108 and 108a.

Festina complied with the requirements of rules 106, 108, and 108a in its attempted service on Hubicki. Although Hubicki contends service by certified mail by Thomas, rather than delivery to the defendant in person, does not constitute reasonable diligence to obtain personal service, rule 106 expressly permits service by certified mail "by any person authorized by rule 103." *See* TEX.R. CIV. P. 106(a). Hubicki argues the court order authorizing Thomas to serve process does not permit Thomas to attempt service by certified mail, because it provides "EXCEPT IN SPECIFIC CASES where a court has entered a Rule 106 order, all process must be served *only* by STEVEN WALTER THOMAS A/K/A STEVEN W. THOMAS

handing it to the person named therein. It may not be handed to any other person, even if the named person is present." Hubicki argues the order limits Thomas to serving process by personal delivery.

■ The order also includes, however, a specific finding that Thomas "is an individual who is authorized to serve citations and notices pursuant to Tex.R. Civ. P. 103," and provides that Thomas is authorized by certain courts (including the trial court) "to serve citations, notices, subpoenas, and all writs which do not involve taking into possession any person, property or thing." Although the order contains numerous restrictions on Thomas, including prohibiting him from serving certain writs and carrying a firearm, there is no provision prohibiting him from serving process by certified mail pursuant to rule 106. As required by rule 103, Thomas is a person authorized by written order of the court to serve citations and other notices. *See Palomin v. Zarsky Lumber Co.*, 26 S.W.3d 690, 694–95 (Tex.App.-Corpus Christi 2000, pet. denied) (order appointing private process server should be construed in its entirety and read as a whole; although order authorized service of subpoena, it was also effective to authorize service of process because it provided service would be reasonably effective to give notice of suit). By the express provisions of rule 106, "any person authorized by Rule 103" may serve process either by personal delivery or by certified mail. *See P & H Transp., Inc. v. Robinson*, 930 S.W.2d 857, 859 (Tex.App.-Houston [1st Dist.] 1996, writ denied) (service by mail may be made not only by clerk but also by other persons authorized by rule 103).

In an affidavit, Thomas explained his unsuccessful attempt to serve Hubicki under rule 106(a)(2). He stated the address where Hubicki could usually be found, and stated Hubicki would be reasonably likely to receive the process if it was sent by first class mail. Festina was not required to attempt service both by delivery in person and by certified mail; "a party need only show that attempts have failed under either Rule 106(a)(1) or Rule 106(a)(2)" before moving for alternative service under rule 106(b). *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 n.2 (Tex. 1993). Festina complied with rule 106.

Hubicki further argues Festina violated rule 108a because service was not reasonably calculated to give Hubicki actual notice of the proceedings and because Festina did not attempt the other methods of service permitted by rule 108a. Rule 108a, however, expressly permits service "in the manner provided by Rule 106," and does not require that each permissible method be attempted to effect service. *See, e.g., Comm'n of Contracts v. Arriba Ltd.*, 882 S.W.2d 576, 584–85 (Tex.App.-Houston [1st Dist.] 1994, no writ) (even though rule 108a narrowly drawn, it employs permissive language; methods of service in rule 108a not exclusive). Festina offered evidence that first class mail would be more likely to give Hubicki actual notice of the suit. Hubicki does not cite authority explaining why service that complied with rules 106, 108, and 108a was not reasonably calculated to give him notice of the suit. We overrule Hubicki's first issue.

## PUNITIVE DAMAGES

In his second issue, Hubicki alleges error in the award of punitive damages. Hubicki argues there was no finding of fraud, malice, or gross negligence, and further argues Festina presented no evidence or insufficient evidence to support its recovery of punitive damages. Hubicki does not argue the punitive damages awarded were excessive; instead, he challenges Festina's right to recover punitive damages at all.

■ Festina was required to present evidence on punitive damages. Although a default judgment has the effect of admitting all matters properly alleged, if damages are unliquidated or not proved by an instrument in writing, the prevailing party must present evidence on damages. *See* TEX.R. CIV. P. 243; *Herbert v. Greater Gulf Coast Enters., Inc.,* 915 S.W.2d 866, 872 (Tex.App.-Houston [1st Dist.] 1995, no writ). Unliquidated claims include exemplary damages. *See Herbert,* 915 S.W.2d at 872. Festina presented evidence at the default judgment hearing.

■ To recover exemplary damages, Festina was required to prove by clear and convincing evidence that the harm it suffered resulted from fraud, malice, or gross negligence. TEX. CIV. PRAC. & REM.CODE ANN. § 41.003(a) (Vernon Supp. 2004–05); *see also Petco Animal Supplies, Inc. v. Schuster,* 144 S.W.3d 554, 566 (Tex. App.-Austin 2004, no pet.) (exemplary damages proper in default judgment case if plaintiff showed by clear and convincing evidence that harm suffered was caused by defendant's fraud or malice). In reviewing the evidence for legal sufficiency under the clear and convincing standard, we must determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction that its finding was true. *Southwestern Bell Tel. Co. v. Garza,* —— S.W.3d ——, ——, No. 01–1142, 2004 WL 3019205 (Tex., December 31, 2004), slip op. at 31–32; *see also Citizens Nat'l Bank v. Allen Rae Invs., Inc.,* 142 S.W.3d 459, 483 (Tex.App.-Fort Worth 2004, no pet.), *citing In re J.F.C.,* 96 S.W.3d 256, 265 (Tex.2002). We must review all the evidence in the light most favorable to the finding and judgment. *Garza,* at ——, slip op. at 31–32; *Citizens Nat'l Bank,* 142 S.W.3d at 483. We must also disregard all evidence a reasonable factfinder could have disbelieved, but we must consider undisputed evidence even if it does not support the finding. *Garza,* at ——, slip op. at 31–32; *Citizens Nat'l Bank,* 142 S.W.3d at 483. In a factual sufficiency review, we must determine whether, on the entire record, a factfinder could reasonably form a firm conviction or belief that the allegations in the petition were proven. *Citizens Nat'l Bank,* 142 S.W.3d at 483.

■ Plaintiff's petition alleges causes of action for breach of contract and fraud. The fraud allegations are made "on information and belief," and claim Hubicki made false representations to induce Festina to make the loan. Festina alleges Hubicki "represented impliedly and/or expressly to Festina" he would "execute any and all documents necessary to make sure that the proceeds of the sale of the Acapulco House would be used to pay off the Loan."

■ Tort damages are recoverable for a fraudulent inducement claim irrespective of whether the fraudulent representations are later subsumed in a contract or whether the plaintiff only suffers an economic loss relating to the subject matter of the contract. *Yeldell v. Goren,* 80 S.W.3d 634, 637 (Tex.App.-Dallas 2002, no pet.). A fraud cause of action requires "a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Yeldell,* 80 S.W.3d at 637 (quoting *Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc.,* 960 S.W.2d 41, 47 (Tex.1998), and *Sears, Roebuck & Co. v. Meadows,* 877 S.W.2d 281, 282 (Tex.1994)). A promise of future performance constitutes an actionable misrepresentation if the promise was made with no intention of performing it at the time it was made. *See Yeldell,* 80

S.W.3d at 637. Thus, Hubicki's promises could constitute actionable misrepresentations for the purpose of Festina's fraud claim if Festina offered evidence Hubicki made the representations with intent to deceive and with no intention of performing as represented. *See Yeldell,* 80 S.W.3d at 637. Evidence of the mere failure to perform a contract, however, is not evidence of fraud. *See Yeldell,* 80 S.W.3d at 637.

At the default hearing, Festina offered evidence, through the testimony of its representative Gordon Barton McLendon, Jr., that Hubicki promised Festina the house "would be put up as security for Festina's loans" and he would execute the necessary documents to do so. McLendon also testified Festina relied on these promises in making the loans to Hubicki, and would not have made the loans if the promises had not been made. McLendon testified he had known Hubicki for over forty years. McLendon further testified, based on his longstanding relationship with Hubicki, his knowledge of Hubicki's business practices, and statements made by Hubicki in refusing to execute the necessary documents, that he believed Hubicki never intended to execute the documents necessary to ensure payment of the loans.

▆▆▆▆ While a party's intent is determined at the time the party made the representation, it may be inferred from the party's subsequent acts after the representation is made. *See Yeldell,* 80 S.W.3d at 637. Intent to defraud is not susceptible to direct proof; it invariably must be proven by circumstantial evidence. *See Yeldell,* 80 S.W.3d at 637. Slight circumstantial evidence of fraud, when considered with the breach of a promise to perform, is sufficient to support a finding of fraudulent intent. *See Yeldell,* 80 S.W.3d at 637. Here, Festina presented evidence Hubicki made a promise he did not perform.

McLendon's testimony about his long experience with Hubicki, his knowledge of Hubicki's business practices, and statements made by Hubicki constituted circumstantial evidence of Hubicki's intent not to fulfill his promises. The trial judge could reasonably form a firm conviction or belief that Festina proved its allegations in the petition that Hubicki fraudulently induced Festina into making loans to him. *See Garza,* at ——, slip op. at 31–32; *Citizens Nat'l Bank,* 142 S.W.3d at 483.

▆▆▆▆ Hubicki also argues punitive damages were improper because there was no finding of fraud in the judgment. Citing *McLendon v. McLendon,* 862 S.W.2d 662, 671 (Tex.App.-Dallas 1993, writ denied), Hubicki argues there must be a finding of fraud, malice, or gross negligence in the judgment to support the award of punitive damages. *McLendon,* however, does not stand for the proposition that a default judgment must contain an express finding of fraud before punitive damages may be awarded. *McLendon* was an appeal after a jury trial. We observed, citing section 41.003 of the Texas Civil Practice and Remedies Code, "[t]he trial court may award exemplary damages only if the claimant proves that the personal injury, property damage, death, or other harm about which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence. The imposition of exemplary damages requires a finding of fraud, malice, or gross negligence." *McLendon,* 862 S.W.2d at 671 (citations and footnotes omitted). We then went on to review the evidence supporting the jury's finding. Here, the court heard evidence relating to Festina's claim for exemplary damages, and noted in the judgment that Festina "presented competent evidence of damages and causation." The pleadings, proof, and judgment were sufficient to support the trial court's award

of punitive damages. We overrule Hubicki's second point of error.

### ACTUAL DAMAGES

In his third issue, Hubicki contends the evidence was legally and factually insufficient to support the trial court's award of actual damages. We disagree.

As with punitive damages, Festina had the burden to prove the amount of its actual damages that were unliquidated or were not proved by an instrument in writing. *See* TEX.R. CIV. P. 243. McLendon testified the loans were made in the amount of $2,302,000. Hubicki complains, however, that the record does not reflect McLendon was authorized to testify on behalf of Festina, how McLendon obtained his knowledge regarding the loans, "how he came to know the thought processes of the principals of plaintiff," what representations were made, and on what representations Festina relied. As noted above, McLendon did testify regarding the representations made on which Festina relied. Further, McLendon testified he had personal knowledge of the loans made by Festina; the loans were were made in the amount of $2,302,000; the loans were not repaid and the documentation to ensure repayment after Hubicki's death was not signed; and he was authorized to serve as agent for Festina. This testimony was sufficient to support the trial court's award of actual damages in the amount of $2,302,000. *See Dawson,* 107 S.W.3d at 748. We overrule Hubicki's third issue.

Because there is no error on the face of the record, we overrule Hubicki's issues and affirm the judgment of the trial court.