**Bobbi Jo THOMAS, Appellant,**

v.

**Maria MARTINEZ, Appellee.**

No. 05–06–00852–CV.

Court of Appeals of Texas,
Dallas.

Jan. 31, 2007.

Rehearing Overruled April 12, 2007.

Stacey D. Walvoord, Carl J. Mangine, John K. Vaughan, Christine Carol Merritt, Grand Prairie, for Appellant.

Domingo Garcia, Law Office of Domingo Garcia, P.C., Dallas, for Appellee.

Before Justices FITZGERALD, RICHTER, and FRANCIS.

## OPINION

Opinion by Justice FRANCIS.

In this restricted appeal, Bobbie Jo Thomas appeals a no-answer default judgment awarding damages to Maria Martinez for injuries sustained in an automobile collision. Appellant challenges the legal and factual sufficiency of the evidence to support the damage awards and the causal connection between the ac-cident and appellee's injuries. For reasons set out below, we reverse the trial court's judgment in part and remand for further proceedings.

At the default judgment hearing, appellee testified that appellant ran a red light and collided with her vehicle. As a result of the accident, appellee said she hurt her neck, back, and leg. She testified she was in pain for "maybe about a year" after the accident and said her back still hurts "[e]very now and then." Appellee testified she missed time from work and lost between $600 and $800 in wages. Appellee's medical bills, supported by affidavits attesting that the charges were reasonable and necessary, were admitted into evidence. In the judgment, the trial court awarded $10,350.27 for past medical expenses, "$22,100.50 for past and future pain and suffering, loss of impairment" and $700 in lost wages.

Appellant brought this restricted appeal. In three issues, she argues there is error apparent on the face of the record because the evidence is legally and factually insufficient to support (1) the award for past medical expenses, (2) the award for "past future pain and suffering and the loss of impairment damages," and (3) a causal nexus between the automobile accident and Martinez's injuries. She does not challenge the lost wages award.

■ To obtain relief on restricted appeal, appellant must demonstrate she filed notice of appeal within six months of the signed default judgment; she was a party to the litigation; she did not participate in the default hearing; she did not timely file postjudgment pleadings; and there was error on the face of the record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997) (per curiam); Tex. Rs.App. P. 26.1(c) and 30. The only

dispute is whether there was error on the face of the record.

■ In a restricted appeal, we are limited to considering only the face of the record, but our scope of review is otherwise the same as that in an ordinary appeal; that is, we review the entire case. *See Norman Commc'ns,* 955 S.W.2d at 270. The face of the record, for purposes of restricted appeal review, consists of all the papers on file in the appeal, including the reporter's record. *Id.* Thus, "[i]t necessarily follows that review of the entire case includes review of legal and factual insufficiency claims." *Id.*

■ When a specific attack is made upon the legal or factual sufficiency of the evidence to support the trial court's determination of damages in a default judgment, the appellant is entitled to a review of the evidence produced. *Hubicki v. Festina,* 156 S.W.3d 897, 901 (Tex.App.-Dallas 2005, pet. filed). In a legal sufficiency review, we view the evidence in a light most favorable to the judgment and indulge every reasonable inference to support it, crediting favorable evidence if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not. *See Keller v. Wilson,* 168 S.W.3d 802, 807, 822 (Tex.2005). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Cont'l Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 450 (Tex.1996). In determining a factual sufficiency challenge, we consider all of the evidence to determine if the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the judgment should be set aside and a new trial ordered. *Hubicki,* 156 S.W.3d at 901.

■ In her first issue, appellant contends there was no evidence or, alternatively, insufficient evidence to support the trial court's award for past medical expenses. Specifically, she argues that while appellee presented evidence of her medical expenses, she did not provide any of her medical records. Without appellee's medical records, she argues there is no evidence that her expenses were related to her treatment for injuries from the automobile accident. Further, she asserts there is no evidence to show the nature of her injuries, the character, and the need for medical treatment.

Initially, we note that appellant does not cite a single case for the proposition that a plaintiff in a default judgment hearing must provide his/her medical records to support a claim for medical expenses in an automobile collision case nor do we believe such proof is required. Although appellee did not testify regarding the bills (apparently because the trial court instructed her that her medical expenses had been proven), she did testify that she injured her neck, back, and leg in an automobile accident on November 22, 2003. Admitted into evidence were appellee's medical bills with supporting affidavits attesting that the expenses were reasonable and necessary. The providers were Marlon Padilla, M.D. PA; Accident & Injury Pain Center Inc.; White Rock Open Air MRI; Lone Star Radiology; and Family Care Pharmacy. The medical bills were for services that began within four days of the accident and continued until February 2004. They show an "onset" date of November 22, 2003, the date of the accident in question, and include a lumbar and thoracic MRI. The diagnosis was neck, thoracic, and lumbar sprain. We conclude this evidence is legally and factually sufficient to show the treatment was related to injuries sustained in the automobile accident. We reject the first issue.

In her second issue, appellant argues there is no evidence or, alternatively, in-

sufficient evidence to support the award of $22,100.50 for past and future pain and suffering and "loss of impairment."

 In her original petition, appellee sought "loss of impairment" damages, which we construe as physical impairment based on the pleadings. Physical impairment is an element of damages that extends beyond loss of earning capacity and beyond any pain and suffering, to the extent that it produces a separate loss that is substantial or extremely disabling. *Dawson v. Briggs,* 107 S.W.3d 739, 752 (Tex. App.-Fort Worth 2003, no pet.).

There was no evidence offered at the default hearing of physical impairment. In fact, in her responsive brief, appellee acknowledges that impairment was never raised or discussed at the hearing and was not a category of damages to which she would be entitled. Instead, she asserts the default judgment awarded the $22,100.50 "only for [her] past and future pain and suffering" and, for support, relies on the trial court's comments at the default hearing and the docket sheet. The judgment, however, belies her assertion, ordering appellee to recover from appellant the following:

> The sum of $10,350.27 for past medical expenses, $22,100.50 for past and future pain and suffering, loss of impairment and $700 for lost wages.

To the extent appellee believes the trial court's comments at the default hearing and the docket sheet are controlling, she is incorrect. *See Nine Greenway Ltd. v. Heard, Goggan, Blair & Williams,* 875 S.W.2d 784, 787 (Tex.App.-Houston [1st Dist.] 1994, writ denied) (stating that written judgment controls over the court's oral pronouncements); *N–S–W Corp. v. Snell,* 561 S.W.2d 798, 799 (Tex.1977) (stating that docket entry cannot be used to contradict or prevail over final judicial order).

We reverse the damages for physical impairment.

 The record does not provide any means of distinguishing the amount awarded· for physical impairment from that awarded for pain and suffering. Therefore, even if an award for pain and suffering was supported by the evidence, the precise amount of damages could not be determined. We therefore must also reverse the pain and suffering award. *See* TEX.R.APP. P. 44.1(b) (allowing reversal in part *if* reversible portion is separable from nonreversible portion). *Jackson v. Gutierrez,* 77 S.W.3d 898, 904 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (reversing and remanding pain and suffering award when amount could not be distinguished from that awarded for unsupported mental anguish damages). We sustain the second issue.

 In her third issue, appellant contends there is no evidence or, alternatively, insufficient evidence to prove a causal nexus between the automobile accident and appellee's injuries.

 The entry of a default judgment operates as an admission of all allegations of fact set out in plaintiff's petition, except as to unliquidated damages. *Transp. Concepts, Inc. v. Reeves,* 748 S.W.2d 302, 304 (Tex.App.-Dallas 1988, no writ). From this rule, it follows that a default judgment admits that the defendant's conduct caused the event upon which the plaintiff's suit is based. *Morgan v. Compugraphic Corp.,* 675 S.W.2d 729, 732 (Tex.1984). At a default judgment prove-up hearing, the plaintiff is still required, however, to prove the causal nexus between the event sued upon and her injuries. *Id.*

At the hearing, appellee testified she sustained injuries to her neck, back, and leg as a "result of this accident." Nothing

in the record refutes this evidence. The evidence as to damages is both legally and factually sufficient. *See Transport Concepts, Inc.*, 748 S.W.2d at 305. We reject the third issue.

In conclusion, we affirm the trial court's judgment holding appellant liable for causing the accident and causing appellee's injuries. Further, we affirm the judgment awarding $10,350.27 for past medical expenses and $700 in lost wages. *See Dawson*, 107 S.W.3d at 755 (affirming liability portion of judgment and damages for lost future earning capacity, past and future pain and suffering and mental anguish, and medical expenses, but reversing and remanding remaining damage claims); *Jackson*, 77 S.W.3d at 904 (affirming liability portion of default judgment, affirming award of $1,480 for lost wages, but reversing and remanding remaining damage claims); *Sharm, Inc. v. Martinez*, 900 S.W.2d 777, 786 (Tex.App.-Corpus Christi 1995, no pet.) (op. on mot. for reh'g) (affirming default judgment as to liability, affirming award of $400,000 for pain and suffering and physical impairment, but reversing and remanding remaining damage claims).

We reverse that portion of the trial court's judgment awarding $22,100.50 for "pain and suffering, loss of impairment" and remand these claims for a new trial. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex.1992) (holding that appellate court sustains no-evidence point after uncontested hearing on unliquidated damages following no-answer default judgment, appropriate disposition is remand for new trial on those damage issues).