**Reversed and Remanded in part; Affirmed in part and Opinion Filed July 8, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01584-CV

**CENTER OPERATING COMPANY, LP, Appellant**
**V.**
**BRANDY A. DUNCAN, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-00528**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Bridges

Center Operating Company files this restricted appeal from the trial court's default judgment in favor of Brandy A. Duncan on her claims arising out of a slip and fall on Center's premises. In three issues, Center argues error is apparent on the face of the record as to (1) the trial court's failure to provide notice of the default judgment, (2) the award of mental anguish damages where there was no evidence to support the award, and (3) the award of past medical expenses where the award exceeds the amount of charges submitted. For reasons set out below, we reverse the trial court's judgment in part and remand for further proceedings.

In January 2012, Duncan sued Center alleging claims for negligence arising out of Center's failure to keep its premises in a reasonably safe condition, leading to Duncan's slip and fall in a puddle of water on the ground. As a proximate result of Center's negligence, Duncan

alleged she suffered physical pain and mental anguish in the past and future, medical expenses in the past and future, physical impairment, and lost wages in the amount of $600. In March 2012, Duncan filed a motion for default judgment alleging Center was properly served citation and a copy of her original petition, the deadline for Center to file an answer was February 20, 2012, but Center did not file an answer or any pleadings constituting an answer and had not entered an appearance.

In May 2012, a hearing on Duncan's motion for default judgment was held before an associate judge. Center did not appear. Duncan introduced medical record affidavits and cost of service affidavits pertaining to the medical records. Duncan testified she slipped and fell in a puddle inside Center's premises, injuring her lower back, right knee, and left thumb. Duncan sought medical treatment and received treatment from June 29 until August 16, 2011. Duncan had x-rays and an MRI. The pain in her left thumb made it difficult for her to lift things at work, though it was not broken. Following her testimony, Duncan's attorney moved for default judgment "as to past medical expenses in the amount of $11,308," past physical pain and suffering in the amount of $20,000, and past physical impairment in the amount of $20,000.

Duncan's counsel and the associate judge then engaged in the following exchange:

THE COURT: You're asking for $40,000 plus the medicals?

DUNCAN'S COUNSEL: Yes, Your Honor.

THE COURT: I don't really see the future -- you don't have this separated out. Do you have it separated out for past physical pain and mental anguish? Which I will assess $20,000. But then you don't have anything else. You don't have -- you just have future pain and mental anguish. So what was the other that you said?

DUNCAN'S COUNSEL: Oh, impairment.

THE COURT: For impairment. Past impairment.

DUNCAN'S COUNSEL: Past impairment.

THE COURT: Well, I'm really going to put that with the physical pain and mental anguish.

DUNCAN'S COUNSEL: That's fine, Your Honor.

THE COURT: So we'll leave that at $20,000.

The associate judge stated she was assessing judgment at $31,308 and court costs, and she adjourned the hearing. On May 25, 2012, the trial court entered a default judgment awarding Duncan the sum of $31,308, which included $11,308 for "past medical bills" and $20,000 for "past physical pain and mental anguish." In November 2012, Center filed this restricted appeal.

To prevail on its restricted appeal, Center must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Only the fourth element is at issue. For purposes of restricted appeal review, the face of the record consists of all the papers on file in the appeal, including the reporters record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam).

Center, in its reply brief, has withdrawn its first issue, conceding that a return of citation had been filed with the trial court for the requisite amount of time to comply with rule 107. Thus, we need not further address Center's first issue.

In its second issue, Center argues error is apparent on the face of the record as to the award of mental anguish damages because there is no evidence or testimony to support the award. Mental anguish damages cannot be awarded without either direct evidence of the nature, duration, or severity of plaintiff's anguish, thus establishing a substantial disruption in the plaintiff's daily routine or other evidence of a high degree of mental pain and distress that is

–3–

more than mere worry, anxiety, vexation, embarrassment, or anger. *Saenz v. Fidelity & Guar. Ins.*, 925 S.W.2d 607, 614 (Tex. 1996) (citing *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995)). Not only must there be evidence of the existence of compensable mental anguish, there must also be some evidence to justify the amount awarded. *Id.*

Here, Duncan testified she slipped and fell and injured her lower back, right knee, and left thumb. She offered no testimony concerning mental anguish. Further, the record does not provide any means of distinguishing the amount awarded for past physical pain from that awarded for mental anguish. *See Thomas v. Martinez*, 217 S.W.3d 680, 684 (Tex. App.–Dallas 2007, pet. struck) (reversing and remanding for new trial pain-and-suffering award where appellate court, in restricted appeal, found no means of distinguishing amount awarded for pain and suffering from amount awarded for physical impairment). Because no evidence in the record supports the associate judge's award for mental anguish, and there is no way to distinguish the amount awarded for past physical pain, the associate judge's award of $20,000 for past physical pain and mental anguish constitutes error on the face of the record. We sustain Center's second issue.

In its third issue, Center argues error is apparent on the face of the record as to the award for past medical expenses because the award exceeds the amount of charges submitted. Specifically, Center argues the medical bills total $10,868, $440 less than the $11,308 awarded for past medical expenses. Duncan concedes the medical bills do not support the award for past medical expenses but urges the $440 that was not supported by the evidence can be identified and judgment should be rendered for the $10,868 amount. We note this amount also includes a $153 charge that, according to the affidavit supporting this amount, "may include a record summary report fee of $150." Thus, the record shows that the amount awarded for past medical expenses was not supported by the evidence and may have included charges for something other

–4–

than past medical treatment. Under these circumstances, we conclude the award of $11,308 constitutes error on the face of the record. The trial court is in a better position to determine the correct amount of past medical bills in this case. We sustain Center's third issue.

In reaching our determination, we note the entry of a default judgment operates as an admission of all allegations of fact set out in plaintiff's petition, except as to unliquidated damages. *Thomas*, 217 S.W.3d at 684. From this rule, it follows that a default judgment admits that the defendant's conduct caused the event upon which the plaintiff's suit is based. *Id.* At a default judgment prove-up hearing, the plaintiff is still required, however, to prove the causal nexus between the event sued upon and her injuries. *Id.* At the hearing, Duncan testified she fell in a puddle of liquid on the floor, resulting in injuries to her right knee, hand, thumb, and back. Nothing in the record refutes this evidence, and Center does not dispute its liability for Duncan's damages.

In conclusion, we affirm the trial court's judgment holding Center liable for causing the underlying accident and causing Duncan's injuries. *See id.*

We reverse that portion of the trial court's judgment awarding $11,308 for "past medical bills" and $20,000 for "past physical pain and mental anguish" and remand for further proceedings.

121584F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CENTER OPERATING COMPANY, LP,
Appellant

No. 05-12-01584-CV       V.

BRANDY A. DUNCAN, Appellee

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-00528.
Opinion delivered by Justice Bridges.
Justices Fillmore and Lewis participating.

In accordance with this Court's opinion of this date, the trial court's judgment holding Center Operating Company, LP liable for causing the underlying accident and causing Duncan's injuries is **AFFIRMED.**

That portion of the trial court's judgment awarding $11,308 for past medical bills and $20,000 for past physical pain and mental anguish is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Center Operating Company, LP recover its costs of this appeal from appellee Brandy A. Duncan.

Judgment entered July 8, 2014