**Opinion issued October 18, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00125-CV

———————————

**KATHY MONROE, Appellant**

**V.**

**GRAYSON LAKES COMMUNITY ASSOCIATION, INC., Appellee**

---

On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Case No. 14DCV219687

---

## MEMORANDUM OPINION

Kathy Monroe attempts to appeal the trial court's denial of her petition for bill of review. Grayson Lakes Community Association, the appellee, has moved to dismiss the appeal for lack of jurisdiction, contending that Monroe's notice of appeal

was untimely. We conclude that the notice of appeal was untimely and therefore dismiss the appeal for want of jurisdiction.

## Background

On October 15, 2015, the trial court denied Monroe's Petition for Bill of Review in the underlying case. On October 30, 2015, Monroe timely filed a "Motion for New Trial[,] Motion to Reconsider and For a More Definite Order." The trial court signed an order denying Monroe's motion on January 26, 2016. On February 12, 2016, 120 days after the judgment, Monroe filed her notice of appeal. Appellee filed a motion to dismiss for lack of jurisdiction. In response, Monroe argues that "[t]he appeal is a restricted appeal based upon the failure of the court to state the reasoning behind the denial of the bill of review."

## Discussion

**I.     The notice of appeal was not timely filed to invoke appellate jurisdiction.**

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within

2

fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day extension period provided by Rule 26.3. *See* TEX .R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

Here, the trial court signed the order from which Monroe appeals on October 15, 2015. Monroe filed a motion for new trial on October 30, 2015 that was later denied. Because Monroe filed a motion for new trial, the notice of appeal deadline was extended to 90 days following the trial court's judgment; thus, her notice of appeal was due by January 13, 2016. *See* TEX. R. APP. P. 26.1. Monroe did not file her notice of appeal until February 12, 2016—120 days after the deadline. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

**II.   Because this appeal is not a restricted appeal, the rules of appellate procedure do not extend the appellate deadlines to confer jurisdiction.**

In response to the motion to dismiss, Monroe contends that her notice of appeal was timely because she claims that this is a restricted appeal. *See* TEX. R. APP. P. 26.1(c) ("in a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed").

Monroe asserts:

> The Bill of Review was not a trial but a hearing without having a full evidentiary hearing. Further, there was no evidence allowed or permitted at the hearing. There was no trial for Kathy Monroe to participate in which produced the order. She was no able to present evidence. There is no clear definition of participation in the case. This appeal is clearly within the restricted appeal as there was never a trial on the Bill of Review which would have produced a judgment.

Monroe relies on *Norman Communications v. Texas Eastman* to list the requirements for an appeal by writ of error under former Texas Rule of Appellate Procedure 45. *See* 955 S.W.2d 269, 270 (Tex. 1997). As the Texas Supreme Court noted in that case, however, Rule 45 was repealed and replaced by Texas Rule of Appellate Procedure 30 on September 1, 1997. *See Norman Commc'ns,* 955 S.W.2d at 270 n.1. Thus, the requirements of Rule 30, not former Rule 45, govern whether Monroe's appeal qualifies as a restricted appeal.

Rule 30 provides in relevant part that:

> A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a post judgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c).

TEX. R. APP. P. 30. Accordingly, to be entitled to a restricted appeal under Rule 30, Monroe must establish that (1) she filed notice of the restricted appeal within six months after the judgment was signed, (2) she was a party to the underlying lawsuit,

4

(3) she did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see* TEX. R. APP. P. 26.1(c), 30.

Monroe fails to meet Rule 30's requirements for a restricted appeal. First, the record demonstrates that Monroe and her counsel participated in the hearing that resulted in the denial of her bill of review. Monroe argues that the bill of review was "not a trial but a hearing" and "[t]here was no trial for [her] to participate in which produced the order." But, unlike former Rule 45, Rule 30 requires that the party demonstrate that she did not participate in "the hearing that resulted in the judgment complained of." TEX. R. APP. 30. Second, Monroe filed a post-judgment motion for a new trial within the time permitted. Rule 30 requires that Monroe establish that she did not timely file any post-judgment motions. Because she participated in the hearing in the trial court and timely filed a post judgment motion seeking a new trial, Monroe fails to meet the requirements for a restricted appeal under Rule 30.

## Conclusion

We grant Grayson Lakes Community Association's motion to dismiss this appeal for lack of jurisdiction. Any other pending motions are dismissed as moot.

Jane Bland
Justice

Panel consists of Justices Bland, Massengale, and Lloyd.