**NORMAN COMMUNICATIONS,**
Petitioner,

v.

**TEXAS EASTMAN COMPANY,**
Respondent.

No. 97–0651.

Supreme Court of Texas.

Oct. 30, 1997.

Ron Adkison, J. Mitchell Beard, Henderson, for Petitioner.

Loren B. Smith, Longview, for Respondent.

PER CURIAM.

Norman Communications appealed from a post-answer default judgment by way of writ of error to the court of appeals. Norman alleged two grounds for setting aside the judgment: (1) it did not receive notice of the trial setting; and (2) the evidence was not legally sufficient to support the default judgment. The court of appeals overruled Norman's point of error on lack of notice. The court of appeals then held that it could not reach Norman's claim that the evidence was not legally sufficient to support the default judgment. We conclude that the court of appeals should have reached Norman's legal sufficiency claim. Accordingly, we reverse the court of appeals' judgment and remand this cause to the court of appeals for review of Norman's legal sufficiency point of error.

■ A direct attack on a judgment by writ of error must: (1) be brought within six months after the trial court signs the judgment; (2) by a party to the suit; (3) who did not participate in the actual trial; and (4) the error complained of must be apparent from the face of the record. *See* TEX. CIV. Prac. & Rem.Code § 51.013; TEX.R.APP. P. 45 [1]; *DSC Finance Corp. v. Moffitt,* 815 S.W.2d 551 (Tex.1991). Review by writ of error affords an appellant the same scope of review as an ordinary appeal, that is, a review of the entire case. *See Gunn v. Cavanaugh,* 391 S.W.2d 723, 724 (Tex.1965). The only restriction on the scope of writ of error review is that the error must appear on the face of the record. *See General Elec. Co. v. Falcon Ridge Apartments,* 811 S.W.2d 942, 943 (Tex. 1991).

■ The face of the record, for purposes of writ of error review, consists of all the papers on file in the appeal, including the statement of facts. *DSC Finance Corp.,* 815 S.W.2d at 551. It necessarily follows that review of the entire case includes review of legal and factual insufficiency claims. *See*

*Herbert v. Greater Gulf Coast Enter.,* 915 S.W.2d 866, 870 (Tex.App.—Houston [1st Dist.] 1995, no writ); *Specia v. Specia,* 292 S.W.2d 818, 819 (Tex.Civ.App.—San Antonio 1956, writ ref'd n.r.e.).

■ There is no question that Norman met the first three requirements for writ of error review. The issue to resolve is whether Norman can show error on the face of the record. Here, the court of appeals correctly found that Norman did not show error on the face of the record on its claim that it had no notice of the trial setting that led to the default judgment against it. However, the court of appeals erred in concluding that because it overruled Norman's lack of notice point of error that it could not reach Norman's legal sufficiency point of error. *Herbert,* 915 S.W.2d at 870; *Specia,* 292 S.W.2d at 819.

Accordingly, without hearing oral argument, the Court reverses the court of appeals' judgment and remands the case to the court of appeals to consider Norman's claim that the evidence is legally insufficient to support the judgment. *See* TEX.R.APP. P. 59.1.

**1.** On September 1, 1997, Rule 45 was repealed and replaced by Rule 30.