NO. 07-00-0591-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 5, 2001



______________________________




IN RE: JOSE E. QUINTANA


_________________________________






Before BOYD, C.J., and REAVIS and JOHNSON, JJ. 

 On January 25, 2001, we denied the application of relator Jose E. Quintana for a
writ of mandamus which he sought to have issued directing the Honorable Samuel Kiser,
allegedly the Judge of the 181st District Court of Randall County, Texas (the trial court),
to hear and rule on certain motions. 

 On February 20, 2001, relator filed with the clerk of this court an untitled document
in the form of a handwritten letter to which documents were attached, and which we
construed as a Motion for Rehearing of our January 25, 2001 denial of relator's application
for writ of mandamus. On March 5, 2001, we dismissed such Motion for lack of jurisdiction.

 On July 20, 2001, relator filed with the clerk of this court another handwritten
document with attachments by which he requests that he be allowed to justify and give
reasons for and be entitled to have his previous application heard. Our review of the
document leads us to conclude that it is a second motion requesting rehearing of his
original application for writ of mandamus. Such a motion is allowed by the Texas Rules
of Appellate Procedure only in certain instances, see Tex. R. App. P. 49.5, and must be
filed within 15 days of our action on the prior motion for rehearing. Id. Relator's motion
is untimely filed. Further, no motion for extension of time to file a motion for rehearing has
been filed. See Tex. R. App. P. 49.8. 

 We do not have jurisdiction to consider relator's request that we reconsider or
rehear our prior rulings. Relator's second request that we allow amendment of and rehear
his Petition for Writ of Mandamus is dismissed for lack of jurisdiction. 


 Phil Johnson

 Justice



Do not publish.



eduled for July 25, 2005. 
Two months after the transfer, Alicia contacted the Hockley County Court Coordinator and
requested a continuance and appointed counsel. On August 19, 2005, the court faxed her
an application for a court-appointed attorney and a letter stating that no action would be
taken until the court received the completed form. When no response was received by the
court, the termination hearing was rescheduled for September 27, 2005. 

 Although the court sent notice of the rescheduled termination hearing on September
1, 2005, Alicia failed to appear on the scheduled date. At the hearing, multiple witnesses
testified in support of the petition to terminate, including Jeanette and Ken. At the
conclusion of the testimony, the trial court terminated the parent-child relationship and
appointed Jeanette and Ken as the managing conservators. The trial court then signed the
termination order and the clerk mailed notice of the judgment to Alicia. Upon learning of the
judgment, Alicia submitted an application for a court-appointed attorney and was appointed
counsel. She subsequently filed this restricted appeal.

 Restricted appeal is available for the limited purpose of providing a party who did not
participate at trial with the opportunity to correct an erroneous judgment. Starks v. Tex.
Dep't Criminal Justice, 153 S.W.3d 621, 624 (Tex.App.-Amarillo 2004, no pet.). In order
to prevail on a restricted appeal, the appellant must demonstrate that 1) she filed a notice
of the appeal within six months of the date the judgment was signed, 2) she was a party to
the underlying lawsuit, 3) she did not participate in the hearing that resulted in the judgment
or timely file any postjudgment motions or requests for findings of fact and conclusions of
law, and 4) error is apparent on the face of the record. See Tex. R. App. P. 30; Alexander
v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004). The face of the record, for
purposes of appellate review, consists of all the papers on file in the appeal, including the
reporter's record. See Norman Communications v. Tex. Eastman Co., 955 S.W.2d 269,
270 (Tex. 1997). Although error must appear on the face of the record, our scope of review
is the same as that in an ordinary appeal. Id. That is, we review the entire case. Id. 

 Here, the only dispute is whether error exists on the face of the record. By her
issues, Alicia contends that it was error for the trial court to proceed with the termination
hearing after informing her that no action would be taken until she completed and returned
the application for appointed counsel. We disagree.

 Although Alicia made an appearance by contacting the trial court and requesting
appointed counsel, she took no further action regarding the suit until after she learned that
her parental rights had been terminated. The record offers no explanation as to why she
failed to complete and return the faxed application despite the trial court's instructions to
"return the application as soon as possible." Instead, the record reflects that Alicia did not
even complete an application for court appointed counsel until after the termination order
was signed. Most importantly, the record also reflects that subsequent to the August 19,
2005 letter upon which Alicia relies as the basis for claiming that the trial court should not
have taken further action, the trial court mailed her notice that the termination hearing had
been rescheduled. In this regard, Alicia does not claim that she failed to receive this notice
or that she was unaware of the rescheduled termination hearing. Instead, she contends
that the trial court's decision to proceed with the case before she returned the completed
application was "procedurally unsound."

 Despite this contention, we disagree that the trial court was required to put the case
on hold indefinitely or until Alicia decided to return the completed application. Alicia cites
no compelling authority, nor are we aware of any, stating that a trial court taking action
contrary to a prior letter directive commits reversible error. To the contrary, we hold that by
mailing notice that the termination hearing had been rescheduled, the trial court superseded
its prior directive and provided sufficient notice to the parties that it was proceeding with the
case. Upon receiving notice, Alicia could have obtained counsel by submitting the faxed
application or she could have appeared pro se at the hearing on the scheduled date. She
did neither. Therefore, the trial court had no choice but to proceed with the hearing without
her. Alicia's issues are overruled.

 Accordingly, the termination order is affirmed.


 Patrick A. Pirtle

 Justice

 

 
1. Because of the prior proceeding, Jeanette and Ken filed the petition in Polk County.