Opinion issued December 11, 2003






     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00809-CV




JAY M. REAVIS, Appellant

V.

MELISSA S. REAVIS, Appellee




On Appeal from the 247th District Court
Harris County, Texas
Trial Court Cause No. 2001-46826




MEMORANDUM OPINION
          Appellant, Jay M. Reavis (“Husband”), files this restricted appeal from a
default divorce judgment against appellee, Melissa S. Ravis (“Wife”). We reverse
and remand.
Background
          On November 12, 2001, Wife filed a petition seeking to dissolve her marriage
with Husband. The petition recited that Husband resides at the Wynne Unit of the
Texas prison system in Huntsville, Texas. The record reflects that Husband was
served on December 12, 2001. Husband did not file an answer.
          The trial court commenced the divorce proceeding, and Husband did not
appear. The trial court took judicial notice of Husband’s failure to answer and
proceeded on a default basis. The judgment approved the divorce decree, ordered that
Wife was the sole managing conservator of the two minor children, and required that
Husband pay child support of $500 per month. The judgment further awarded Wife
the homestead, business, automobile, and all personal property, except the clothing,
jewelry, and personal effects of Husband in his possession.
          In three issues, Husband argues as follows: (1) he is entitled to a review by a
restricted appeal; (2) he is entitled to a reversal because the evidence was legally and
factually insufficient to support the relief granted to Wife; and (3) the property
division was not “just and right.” 
Restricted Appeal
          Husband attacks the trial court’s judgment by restricted appeal. See Tex. R.
App. P. 30. A direct attack on a judgment by restricted appeal must (1) be brought
within six months after the trial court signs the judgment, (2) by a party to the suit, 
(3) who did not participate in the actual trial, and (4) the error complained of must be
apparent on the face of the record. See Norman Communications v. Tex. Eastman
Co., 955 S.W.2d 269, 270 (Tex. 1997). In a restricted appeal, an appellant is afforded
the same scope of review as an ordinary appeal, which includes a review of the entire
case. Id. A review of the entire case includes a review of legal and factual
sufficiency claims. Id.
          The issue in this case is whether Husband can show error on the face of the
record. Husband concedes that he was served and received notice. However, he
argues that the evidence is legally and factually insufficient to support the award. We
resolve issue one in Husband’s favor, holding that we have jurisdiction to determine
whether there is error on the face of the record regarding his legal and factual
sufficiency claims.
Legal and Factual Sufficiency
          In his second issue, Husband contends that he is entitled to a reversal because
there was legally and factually insufficient evidence to support the relief granted to
Wife. 
          We follow the usual standards of review. In reviewing a legal sufficiency
challenge, we consider all the evidence in the light most favorable to the verdict and
indulge every reasonable inference deducible from the evidence in the prevailing
party’s favor. Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.
1997). In reviewing a factual sufficiency challenge, we consider all the evidence both
supporting and contrary to the jury’s finding. Plas-Tex., Inc. v. U.S. Steel Corp., 772
S.W.2d 442, 445 (Tex. 1989).
          Husband argues that there is no evidence to prove the residence and domicile
prerequisites that are statutorily required to bring forth a divorce action. Section
6.301 of the Family Code provides that suits for divorce may not be maintained in
Texas unless, at the time the suit is filed, either the petitioner or the respondent has
been (1) a domiciliary of Texas for the preceding six months and (2) a resident of the
county in which suit is filed for the preceding 90-day period. Tex. Fam. Code Ann.
§ 6.301 (Vernon 1998). 
          As a general rule, no evidence is required to support a default judgment
because a defendant’s failure to appear or answer is taken as admission of the factual
allegations in a plaintiff’s petition. Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex.
1979). Wife’s first amended original petition alleged that she had been a domiciliary
of Texas for the preceding six-month period and a resident of Harris County for the
preceding 90-day period. However, the general rule regarding the scope of the
allegations in a petition deemed admitted by a failure to answer in a divorce
proceeding is limited by section 6.701 of the Family Code, which provides as follows:
“In a suit for divorce, the petition may not be taken as confessed if the respondent
does not file an answer.” Tex. Fam. Code Ann. § 6.701 (Vernon 1998). In a divorce
case, therefore, even if the respondent fails to file an answer, the petitioner must
adduce proof to support the material allegations in the petition. Ratisseau v.
Ratisseau, 44 S.W.3d 695, 697 (Tex. App.—Houston [14th Dist.] 2001, pet. dism’d
by agr.).


 
          We follow section 6.701, which provides that the petition may not be taken as
confessed if the respondent does not file an answer in a divorce. Tex. Fam. Code
Ann. § 6.701 (Vernon 1998). Because Husband did not answer, we may not take the
Wife’s pleadings regarding domicile and residency as confessed. See id. Wife
adduced no evidence at the divorce hearing to prove residence and domicile.
Accordingly, there is error on the face of the record because there is no evidence that
either party met the residence and domicile prerequisites required by section 6.301
to bring forth a divorce action. See Tex. Fam. Code Ann. § 6.301. 
          We sustain Husband’s second issue. Because of the disposition of this issue,
we need not address the remaining issues regarding whether the evidence was
sufficient to prove that the child support of $500 per month was reasonable and
whether the property division was “just and right.” 
 
 
 
Conclusion
          We reverse the judgment of the trial court and remand the cause for a new trial. 
 


                                                             Adele Hedges
                                                             Justice
 
Panel consists of Justices Hedges, Alcala, and Hanks.