MARY'S OPINION HEADING 






                     NO. 12-05-00205-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


ROBERT HADDIX, JR.,                                   §     APPEAL FROM THE 145TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

AMERICAN HOME ASSURANCE, ET AL.,
APPELLEES                                                      §     NACOGDOCHES COUNTY, TEXAS





MEMORANDUM OPINION
PER CURIAM
            This appeal is being dismissed for want of jurisdiction pursuant to Texas Rule of Appellate
Procedure 42.3(a). The trial court’s judgment was signed on December 14, 2004. Under rule of
appellate procedure 26.1(a), unless Appellant timely filed a motion for new trial or other
postjudgment motion that extended the appellate deadlines, his notice of appeal was due to have
been filed “within 30 days after the judgment [was] signed.” However, Appellant timely filed a
motion for new trial. Therefore, his notice of appeal was due to have been filed on or before
March 14, 2005. See id. (notice of appeal must be filed within 90 days after the judgment was signed
if any party timely files a motion for new trial). Appellant did not file his notice of appeal until
June 28, 2005. Because the notice of appeal was not filed on or before March 14, 2005, this Court
has no jurisdiction to consider the appeal. 
            On June 28, 2005, this Court notified Appellant pursuant to Texas Rule of Appellate
Procedure 42.3(a) that his notice of appeal was untimely, and it informed him that unless the record
was amended on or before July 13, 2005 to establish the jurisdiction of this Court, the appeal would
be dismissed. On July 12, 2005, Appellant filed an amended notice of appeal in which he stated that
he desires to pursue a restricted appeal. See Tex. R. App. P. 30. 
            A restricted appeal must be brought (1) within six months after the trial court signs the
judgment, (2) by a party to the suit, (3) who did not participate in the actual trial, (4) who did not
timely file a postjudgment motion, a request for findings of fact and conclusions of law, or a notice
of appeal within the time permitted by Rule 26.1(a), and (4) who complains of error that is apparent
from the face of the record. Id.; Norman Communications v. Texas Eastman Co., 955 S.W.2d 269,
270 (Tex. 1997). Although Appellant filed a motion for new trial, he urges that he is entitled to
pursue a restricted appeal because a motion for new trial is a prerequisite for an appeal from a default
judgment. See Tex. R. Civ. P. 324(b)(1) (a point in a motion for new trial is a prerequisite to
complaint of failure to set aside a default judgment). This argument is contrary to the plain language
of Rule 30. See also Petco Animal Supplies, Inc. v. Schuster, 144 S.W.3d 554, 559 n.4 (Tex.
App.–Austin 2004, no pet.) (holding that such a broad construction of Rule 324 would preclude all
restricted appeals by a party seeking to set aside a default judgment). According to Rule 30,
Appellant is prohibiting from pursuing a restricted appeal because he timely filed a motion for new
trial. 
            Because Appellant is not entitled to pursue a restricted appeal and because this Court is not
authorized to extend the time for perfecting an appeal except as provided by Texas Rules of
Appellate Procedure 26.1 and 26.3, the appeal is dismissed for want of jurisdiction. See Tex. R.
App. P. 42.3(a).
Opinion delivered July 13, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


(PUBLISH)