**Reversed and Remanded and Memorandum Opinion filed November 3, 2011.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00232-CV

---

### RMS RESIDENTIAL PROPERTIES, LLC, ASSIGNEE OF ENCORE CREDIT CORPORATION, Appellant

### V.

### A.M. MOLINA AKA ARLETTE MOLINA, Appellee

---

**On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2010-30712**

---

## MEMORANDUM OPINION

Appellant, RMS Residential Properties, LLC, assignee of Encore Credit Corporation, ("RMS") files this restricted appeal from a summary judgment against appellee, A.M. Molina aka Arlette Molina. We reverse and remand.

### BACKGROUND

On May 17, 2010, Molina filed suit against RMS for breach of contract, declaratory relief and to quiet title, slander of credit, and violations of the Deceptive Trade Practices Act. RMS did not answer or otherwise appear in the case.

The petition states that "RMS Residential Properties LLC is a Delaware corporation that can be served by serving its registered agent Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808." The citation is directed to

> RMS RESIDENTIAL PROPERTIES LLC (AS ASSIGNEE OF ENCORE CREDIT CORPORATION) (DELAWARE CORPORATION) BY SERVING ITS REGISTERED AGENT
> CORPORATION SERVICE COMPANY
> 2711 CENTERVILLE ROAD SUITE 400 WILMINGTON DE 19808.

The return provides as follows:

> Received on the 7 day of June, 2010, at 11:00 o'clock A.M., and executed the same in n New Castle County, Delaware on the 7 day of June, 2010, at 3:13 o'clock P.M., by summoning the RMS Residential Properties LLC by leaving in the principal office during office hours with Sue Rhea, Managing Agent of the said Corporation Service Co., Registered Agent a true copy of this notice, together with accompanying copy of Plaintiff's Original Petition.

The return was hand-written on a pre-printed form and sworn to by Daniel Newcomb before a Notary Public from the State of Delaware.

On July 12, 2010, Molina filed a summary judgment motion with an affidavit and a notice setting submission for July 26, 2010. On August 19, 2010, the court granted the summary judgment. After neither participating in the proceedings nor filing post-judgment motions, a request for findings of facts and conclusions of law, or a notice of appeal, appellant filed a notice of restricted appeal on February 18, 2011.

## ANALYSIS

### A.    Standard of Review

RMS attacks the trial court's judgment by restricted appeal. *See* Tex. R. App. P. 30. A direct attack on a judgment by restricted appeal must (1) be brought within six months after the trial court signs the judgment, (2) by a party to the suit, (3) who did not

participate in the actual trial, and (4) the error complained of must be apparent on the face of the record. *Norman Commc'n v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curium). In a restricted appeal, an appellant is afforded the same scope of review as an ordinary appeal, which includes a review of the entire case. *Id.* Here, the parties do not dispute that the first three elements are met; thus we only consider whether error is apparent on the face of the record.

## B.    Sufficiency of Service and Return

In its second issue, RMS asserts that the trial court did not acquire jurisdiction over it because the service and return are defective. For purposes of a restricted appeal, there are no presumptions favoring valid issuance, service, and return of citation. *Fid. & Guar. Ins. Co. v. Drewery Consrt. Co.*, 186 S.W.3d 571, 573 (Tex. 2006) (per curium). This rule is justified because presumptions can neither be confirmed nor rebutted by evidence in the appellate court. *Id.* Thus, strict compliance with the rules for service of citation must affirmatively appear on the face of the record for a trial court to obtain jurisdiction over a defendant. *Harvestons Sec., Inc. v. Narnia Invs., Ltd.*, 218 S.W.3d 126, 133 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

Texas Rule of Civil Procedure 103, which governs who may serve process, provides in pertinent part:

> Process—including citation and other notices, writs, orders, and other papers issued by the court—may be served anywhere by (1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court.

Tex. R. Civ. P. 103. Here, there are two problems with the return of citation. First, nothing on the return reflects that the person who executed the citation, Daniel Newcomb, is either an officer or an authorized person to serve process. *See* Tex. R. Civ. P. 103. Newcomb did not sign as a sheriff or constable, or otherwise indicate that he is a person authorized to serve process.

3

Second, according to the citation, RMS's registered agent is a foreign corporation, Corporation Service Company. A proper agent for service to a foreign corporation includes the president, each vice president, or a governing person, such as an officer or director. *See* Tex. Bus. Orgs. Code Ann. § 5.255(1), (4) (West 2009). Here, the return does not indicate that the person served, Sue Rhea, is the president, vice president, or a governing person of the service corporation. *See id.* Signing as "managing agent" does not establish Rhea's capacity as a statutorily recognized agent of the service corporation. Nothing in the record, including the recitals in the petition and the citation, designates Rhea as an authorized agent to receive service. *Cf. Harvestons*, 218 S.W.3d at 134–35 (concluding that inability to determine from the record the capacity or authority of individual accepting service constitutes error apparent on the face of the record).

Because service was defective, error appears on the face of the record. Accordingly, without considering RMS's other issues,[1] we sustain its second issue.

### CONCLUSION

Having found error apparent on the face of the record in this restricted appeal, we reverse the trial court's judgment and remand the case for proceedings consistent with this opinion.


/s/         Adele Hedges
Chief Justice


Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.

---

[1] Because this issue is dispositive of the appeal, we need not consider RMS's other two issues. *See* Tex. R. App. P. 47.1.

4