# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00800-CV

**Jeffrey Allan Arbogust, Appellant**

**v.**

**Kathleen J. Graham, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-FM-15-003943, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jeffrey Allan Arbogust brings this restricted appeal of a no-answer default divorce decree ending his marriage to Kathleen J. Graham. Arbogust contends that the trial court erred in rendering the decree because there is "no evidence" to support it due to there being no record made of the testimony at the hearing granting the default judgment. He also complains that the trial court improperly awarded his separate property to Graham. We reverse the final divorce decree and remand this cause for further proceedings.

## DISCUSSION[1]

In order to prevail in a restricted appeal, Arbogust must prove that: (1) he filed the notice of restricted appeal within six months after the judgment was signed; (2) he was a party to the

---

[1] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

underlying lawsuit; (3) he did not participate at the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike–Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam). The only element at issue in this case is whether error is apparent on the face of the record.

For purposes of a restricted appeal, the face of the record consists of all papers on file in the appeal, including the reporter's record. *See Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (outlining elements of restricted appeal using former "writ of error" terminology); *see also* Tex. R. App. P. 30 ("Restricted appeals replace writ of error appeals to the court of appeals. Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals."). The absence of legally sufficient evidence to support a judgment is reviewable in a restricted appeal. *See Norman Commc'ns*, 955 S.W.2d at 270. Arbogust contends that no evidence exists on the face of the record to support the trial court's decree because no record was made of the hearing granting the default decree, preventing any review of the sufficiency of the evidence. We agree.

Graham does not dispute the non-existence of a reporter's record, and the divorce decree confirms its non-existence in its recital, "The making of a record of testimony was waived by the parties[2] with the consent of the Court." Additionally, Arbogust requested that a reporter's

---

[2] As Arbogust did not appear at the hearing, it is unclear how he could have agreed to waive a record of the testimony. *See In re K.B.R.*, No. 07-07-0098-CV, 2008 WL 2467375, at *2 (Tex. App.—Amarillo June 20, 2008, no pet.) (mem. op.) ("[W]here a party is neither present nor represented by counsel at the hearing, the making of the record cannot be waived as to the absent party and a trial court commits error in consenting to the waiver of a record.").

2

record of the default-judgment hearing be filed with this Court, but none was provided, and the clerk of this Court received a letter from the official court reporter of the trial court stating that a record of the proceedings was not made.

This absence of a reporter's record constitutes error apparent on the face of the record as a matter of law and requires reversal of the decree and remand for a new trial. *See Rogers v. Rogers*, 561 S.W.2d 172, 173–74 (Tex. 1978) (reversing no-answer default judgment via appeal by writ of error because no reporter's record existed); *Smith v. Smith*, 544 S.W.2d 121, 122 (Tex. 1976) (holding that appellant "established his right to a retrial of [the] case because of his inability to procure a statement of facts [now called a reporter's record]"); *Stone v. Talbert Operations, LLC*, No. 04-14-00008, 2014 WL 7439931, at *1 (Tex. App.—San Antonio Dec. 31, 2014, no pet.) (mem. op.) ("Because no reporter's record was taken of the trial court's evidentiary hearing resulting in the no-answer default judgment, error is apparent on the face of the record."); *Bain v. Bain*, No. 2-06-215-CV, 2007 WL 174463, at *3 (Tex. App.—Fort Worth Jan. 25, 2007, no pet.) (mem. op.) (same); *see also* Tex. R. App. P. 13.1 ("The official court reporter or court recorder must: (a) unless excused by agreement of the parties, attend court sessions and make a full record of the proceedings . . . ."). We sustain Arbogust's first issue.[3]

## CONCLUSION

We reverse the trial court's final divorce decree and remand this cause for further proceedings.

---

[3] Because of our determination that the lack of a reporter's record requires reversal, we need not reach Arbogust's contention that the decree improperly divided his separate property.

3

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Reversed and Remanded

Filed:   June 28, 2018