

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN THE INTEREST OF M.M.M.A., | § | No. 08-16-00020-CV |
| A CHILD. | § | Appeal from the |
| | § | 65th District Court |
| | § | of El Paso County, Texas |
| | § | (TC# 2011CM1959) |
| | § | |

**O P I N I O N**

This is a restricted appeal by K.M. from a default judgment granting J.A.'s suit to modify the parent-child relationship. Finding error on the face of the record, we reverse the default judgment.

**FACTUAL SUMMARY**

K.M. (Mother) and J.A. (Father) are the parents of M.M.M.A. In 2013, the trial court entered an order adjudicating parentage and appointing the parents as joint managing conservators. On November 8, 2013, Mother filed a petition to modify the parent-child relationship based on allegations of neglect, sexual abuse, and physical abuse. She requested that the court deny Father access to the child and that she be given the exclusive right to designate the child's primary residence. On October 28, 2014, the trial court signed an order granting the petition to modify, removed the parents as joint managing conservators, and appointed Mother as sole managing conservator. The order gave Mother the right to designate M.M.M.A.'s primary residence within

El Paso County. On May 7, 2015, Mother filed an application for protective order on behalf of M.M.M.A. and the trial court granted a temporary restraining order. That same date, Father filed a motion to enforce possession or access alleging that Mother had failed to surrender M.M.M.A. for visitation on ten different dates. Father also filed a petition to modify the parent-child relationship seeking to be appointed the sole managing conservator of the child. The trial court ordered Mother to appear for a hearing on Father's motion to enforce on June 12, 2015. Further, the court entered a temporary restraining order against Mother prohibiting her from withdrawing the child from school or hiding her from Father and set the case for a hearing on Father's petition to modify on June 12, 2015. The citation issued by the District Clerk erroneously recited that Mother could be served at 288 Flynn. The petition to modify was not served on Mother.

The trial court denied Mother's application for a protective order on May 21, 2015, and it entered an order granting Father a period of make-up possession from May 21, 2015 through May 27, 2015. A few days later, Father filed a petition for writ of habeas corpus alleging that Mother had prevented him from exercising his right to possession of the child. The trial court signed an order issuing the writ of habeas corpus commanding Mother "to surrender the child into the custody of anyone working on behalf of the El Paso County Sherriff's Office and take the child into the custody of [Father]."

Father filed a second amended petition to modify the parent-child relationship on May 29, 2015. Because Father had been unable to serve Mother with citation on his earlier-filed petition to modify, he filed a motion for other substituted service. In his affidavit offered in support of the motion, Father averred:

> Respondent, [Mother] has kept our child M.M.M.A from me since May 7, 2015. [Mother] applied for a Protective Order on or about May 7, 2015 which was denied on May 21, 2015 at the hearing held in the 65th Judicial District Court of E1 Paso County Texas before Judge Yahara Gutierrez. The Judge ordered that I

have make up periods of possession on May 21 2015, which resulted in the Order attached hereto as Exhibit "B."[1]  When i attempted to pick up my daughter the afternoon of May 21, 2015 she was not in school and when I contacted [Mother] asking where M.M.M.A. she replied with the e-mail attached hereto as Exhibit "C." I contacted my attorney who filed a Motion for Writ of Habeas Corpus and the Order was signed on or about May 26, 2015.  Since, I have been in contact with Detective Rollins of the El Paso County Sheriffs office who advised that he has been unable to track [Mother] down at the 228 Flynn, El Paso, Texas address.  On or about May 28, 2015 I called the El Paso Police Department to request that a unit be sent out for a welfare check on my daughter M.M.M.A. as I am very concerned about M.M.M.A. because she is being kept from me and school.  Officer Lechuga of the El Paso Police Department stated that he had gone to the address on 228 Flynn, El Paso, Texas and made contact with [J.M.], who is [Mother's] father, J.M. advised that [Mother] no longer lived at the Flynn address.  Sometime after the unit was at [Mother's] home I received the e-mail from her attached hereto as Exhibit "D."[2]  I have no idea of where else [Mother] may reside except for with her brother at an apartment complex on Westwind of which I do not know the number.  I do not know where or if [Mother] works.  I believe that the only way to serve her with the documents would be by going through her parents R.M. or J.M. who reside at 228 Flynn, El Paso, Texas or wherever they may be served.

The residence of [Mother], a party in this case, is unknown to me.  I have exercised due diligence to locate the whereabouts of this party and have been unable to do so.

The trial court granted the motion for substituted service and ordered that service on Mother be effected by serving either one of her parents, R.M. or J.M. at 228 Flynn, or wherever either was found.  The citation issued by the District Clerk recited that Mother could be served at 250 Lindburgh [sic].[3]

On June 23, 2015, Father filed a third amended petition to modify the parent-child relationship.  Father filed a motion for other substituted service supported by an affidavit of non-service prepared by Cecilia Chavira, a certified process server.  Her affidavit stated:

---

[1]  Exhibit B is an order signed by the trial court granting Father "make-up periods of possession of and access to the child, M.M.M.A., beginning on May 21, 2015 at the time the child is released from school and ending May 27, 2015 at 7:45 a.m."
[2]  In the email exchange, Mother told Father, "It has come to my attention that you had police come by my house to perform a well check. [M.M.M.A.] is fine."
[3]  Mitzi Bond Elementary is located at 250 Lindbergh.  There is no street in El Paso named Lindburgh.

On June 1st, 2015 came to hand citation by personal service by substitution to [Mother] by serving her parents either [J.M.] or her mother [R.M.]. On the same day at approx.. 11:35 a.m. I went to the place of employment of [R.M.] and was told by and interim principal that [R.M.] was on leave FML and was not at the school. Through a private source we found out that in fact [R.M.] was actually at the school and teaching that day, upon returning to the school again we were on able [sic] to enter the campus other than the front office where were informed that she was not at the location.

At approx.. 5:17 p.m. on the same date we attempted to locate [J.M.] or [R.M.] at 228 Flynn, in El Paso Texas there was no answer at the door there was a grey Nissan four door sedan and a white Chevy truck in the drive way. I wait [sic] in the area to see if anyone would leave the residence for about 45 minutes.

One June 2nd, approx. at 6:40 a.m. I returned to the residence at 228 Flynn, and noticed that the Grey Nissan was gone from the drive way I immodestly [sic] returned to the school at 250 Lindburgh, which is Mitzi Bond Elementary in El Paso, Texas. I recognized the car in the school parking lot and entered to the school office and requested to meet with [R.M.], at which time I was informed by interim principal Sylvia Haines that I was not allowed to be at the school grounds and that EPISD police were being called, so I waited for the officers to arrive. At approx.. 7:55 a.m. I was approached by Officer Tim Hanckrock and was informed that I was not return to the premises to look for [R.M.] is [sic] I did return I would be cited for trespassing. Officer Hanckrock did speak to [R.M.] and advised me that she did not want to accept service and since it was a civil matter there was nothing he would be able to assist me with. I then was escorted out of the school campus.

I affirm that I have complied with the regulations and definition as indicated in civil rules of procedures as attempt to locate the said Respondents, [J.M. and R.M.] by dull [sic] diligence. I affirm that service for [Mother] would be affected by leaving a copy of the citation with pleadings and orders attached at the front door at 228 Flynn, El Paso Texas or by leaving a copy of the citation with pleadings and orders with any person at the said address over the age of sixteen years of age.

The trial court granted the motion for substituted service and ordered that service of Mother could be effected by posting notice on the front door of the residence located at 228 Flynn. The citation issued by the District Clerk recited that Mother could be served by posting notice on the front door of 228 Flynn. Chavira's return reflected that she served Mother with citation on July 4, 2015 by posting notice on the front door of the residence located at 228 Flynn.

- 4 -

Mother did not file an answer or appear at the hearing on July 28, 2015. That same day, the trial court granted Father's petition to modify and named him sole managing conservator with the right to designate the primary residence of the child. Mother filed notice of restricted appeal on January 27, 2016.

## DEFECTIVE SERVICE

In her sole issue, Mother contends that the default judgment should be set aside because the service of process was improper and ineffective to give her notice. More specifically, she argues that Father did not comply with Rules 106(a), 106(b), or 107 of the Texas Rules of Civil Procedure. Father has not filed a brief.

To prevail on a restricted appeal, a party must demonstrate that: (1) notice of the restricted appeal was filed within six months of the judgment being signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the trial; and (4) error is apparent on the face of the record. TEX.R.APP.P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). Mother timely filed her notice of appeal, she was a party to the suit below, and she did not participate in the trial. The only issue is whether error is apparent on the face of the record.

Mother argues that Father failed to strictly comply with Rules 106(a), 106(b) and 107 because he: (1) improperly issued citation to an incorrect address (288 Flynn rather than 228 Flynn); (2) sought substitute service on May 29, 2015 based on his own faulty affidavit which failed to show prior attempts at service; (3) improperly issued citation on June 1, 2015 not in conformity to the first order granting substitute service (citation showed Mother's address as 250 Lindburgh); and (4) he sought a second order for substitute service on June 23, 2015 based on the faulty citation of June 1, 2015 and insufficient affidavit of process server Cecilia Chavira.

Mother's first three complaints are irrelevant because Mother was not served with the citation issued on May 18, 2015 or June 1, 2015. Therefore, we will restrict our analysis to the service of process related to the citation issued on June 23, 2015.

Rule 106 addresses manner of service. *See* TEX.R.CIV.P. 106. Rule 106(a) provides that unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by delivering to the defendant, in person, a true copy of the citation with a copy of the petition attached thereto, or by mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached. TEX.R.CIV.P. 106(a).

Rule 106(b) authorizes the trial court to order a substitute method of service of process if the plaintiff files a motion supported by a proper affidavit. TEX.R.CIV.P. 106(b); *Wilson v. Dunn*, 800 S.W.2d 833, 834 (Tex. 1990). The supporting affidavit must state (1) the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found; and (2) the specific facts showing that traditional service under either (a)(1) or (a)(2) at the location named in such affidavit has been attempted but has not been successful. TEX.R.CIV.P. 106(b).

We will first address Mother's complaints that Chavira's affidavit is insufficient because it does not represent that the facts are true, it is not based on personal knowledge, and it is conclusory. The Government Code defines "affidavit" as "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." TEX.GOV'T CODE ANN. § 312.011(1) (West 2013). Chavira's affidavit satisfies the statutory definition, but it fails to positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's

personal knowledge.  *See Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 645-46 (Tex. 1995)(affidavit must satisfy statutory definition and demonstrate it is based on personal knowledge); *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994)(holding that an affidavit which does not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge is legally insufficient).  Because the affidavit is legally insufficient, the trial court erred by granting the motion for substituted service.  It is unnecessary to address Mother's remaining arguments.  Issue One is sustained.  We reverse the default judgment and remand the cause to the trial court for further proceedings consistent with the opinion.


                                            ANN CRAWFORD McCLURE, Chief Justice

September 28, 2018

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., not participating