**AFFIRMED; Opinion Filed May 7, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00712-CV

**SANDRA L. SIMS, Appellant**
**V.**
**DALLAS COUNTY, PARKLAND HOSPITAL DISTRICT, DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, DALLAS COUNTY SCHOOL EQUALIZATION FUND, DALLAS INDEPENDENT SCHOOL DISTRICT AND CITY OF DALLAS,**
**Appellees**

On Appeal from the 160th Judicial District Court
Dallas County, Texas
Trial Court Cause No. TX-16-02150

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Nowell
Opinion by Justice Nowell

This is a restricted appeal challenging a judgment entered following a bench trial.

Appellees Dallas County, Parkland Hospital District, Dallas County Community College District,

Dallas County School Equalization Fund, Dallas Independent School District, and City of Dallas

(collectively, "Taxing Units") sued appellant Sandra L. Sims and several other persons to recover

delinquent property taxes. Sims is the only defendant to appeal the trial court's judgment that is

adverse to all defendants. In four issues, Sims asserts the face of the record shows multiple defects

in the citations issued to the defendants; the evidence identifying the heirs of decedents Juanita

Sims and Lawrence Sims is insufficient to support the trial court's judgment or to ensure that all

necessary parties were before the trial court; and the bill of costs provided by the Clerk of the

District Court of Dallas County incorrectly lists the fee for local citations as $160. We affirm the trial court's judgment.

The Taxing Units sued Sims, Simone Johnson, Tina Thomas, Juanita Sims, and Lawrence E. Sims pursuant to section 33.41 of the Texas Property Tax Code to collect delinquent taxes for a property located at 2314 Talco Drive, Dallas, Texas 75241-1423 (the "Property"). Sims, Johnson, and Thomas are the children and heirs of Juanita and Lawrence Sims. Following a bench trial, the trial court entered judgment in favor of the Taxing Units. This restricted appeal followed.

To prevail on a restricted appeal, the appellant "must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see* TEX. R. APP. P. 30 (restricted appeal). Only the fourth element is at issue in this appeal. For purposes of our review, the face of the record includes all the papers on file in the appeal including the reporter's record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). As such, our scope of review may include challenges to the legal and factual sufficiency of the evidence. *Id*.

In her first and second issues, Sims complains about alleged defects in the citations issued to her and defendants Juanita and Lawrence Sims.[1] Assuming Sims may make appellate arguments based on alleged defects in the citations issued to Juanita and Lawrence Sims, those defects, if any, were rendered moot when their court-appointed attorney ad litem filed an answer on their behalf.

---

[1] To the extent Sims purports to complain about defects in citations issued to defendant Tina Thomas, the record shows Thomas filed an answer. *See* TEX. R. CIV. P. 121. In so far as Sims argues the return of service directed to defendant Simone Johnson does not comply with rule of civil procedure 107(e) because it was not signed by the person who delivered the service, we note the citation is verified as required by the rule. *See* TEX. R. CIV. P. 107(e) ("If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return must either be verified or be signed under penalty of perjury.").

*See* TEX. R. CIV. P. 121 ("An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him.").

As to Sims, the record includes her signed and notarized waiver of citation and acceptance of service affidavit. The affidavit, which states that she received the original petition, includes the following statement: "I agree that the waiver and acceptance shall have the same force and effect as if the citation had been issued and served on me as provided by law." The affidavit continues: "I hereby accept service of process in that cause, and waive the issuance, service, and return of citation on me."[2] Rule of civil procedure 119 permits a defendant to waive issuance or service of process through a properly executed memorandum. *See* TEX. R. CIV. P. 119. The waiver or acceptance has the same force and effect as if the citation had been issued and served as provided by law. *Id.* As Sims acknowledged in her affidavit, assuming any defects existed, she waived those defects and cannot now complain about them on appeal. *See id.*

We overrule Sims's first and second issues.

In her third issue, Sims asserts the evidence identifying Juanita and Lawrence Sims's heirs is insufficient to support the trial court's judgment. Sims does not state whether she challenges the legal or factual sufficiency of the evidence, or both. She also does not provide legal authority to support her sufficiency argument. We conclude her third issue is inadequately briefed. *See* TEX. R. APP. P. 33.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

If we consider Sims's third issue to challenge the legal and factual sufficiency of the evidence, we conclude the evidence is sufficient. When we review evidence for legal sufficiency after a bench trial, we consider all of the evidence in the light most favorable to the trial court's

---

[2] The judgment recites: "Sandra L. Sims who waived service of process and further notice by sworn instrument that has been filed herein, but wholly failed to appear or answer and wholly made default."

–3–

judgment. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit any favorable evidence if a reasonable factfinder could and disregard any contrary evidence unless a reasonable factfinder could not. *Id*. at 821. The final test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *Id*. at 827. When reviewing the factual sufficiency of the evidence, we view all the evidence in a neutral light and set aside the finding only if the finding is so contrary to the overwhelming weight of the evidence such that the finding is clearly wrong and unjust. *Morris v. Wells Fargo Bank, N.A*., 334 S.W.3d 838, 842 (Tex. App.—Dallas 2011, no pet.).

The only evidence at trial regarding Juanita and Lawrence Sims's heirs is an affidavit executed by Sims and filed in the Dallas County clerk's office in 2012. The affidavit states it concerns the identity of the heirs for the estate of Lawrence and Juanita Sims. It includes the names of the children, natural born and adopted, grandchildren, siblings, nieces, and nephews of the deceased. Each of the children listed in the affidavit also were defendants to this lawsuit. No evidence at trial contradicted the information in the affidavit. Because all of the evidence presented at trial shows the defendants are the heirs of Lawrence and Juanita Sims, we conclude the evidence is legally and factually sufficient to support the trial court's judgment. We overrule Sims's third issue.

In her fourth issue, Sims argues the bill of costs provided by the Clerk of the District Court of Dallas County incorrectly lists the costs of "Local Citation" as $160; Sims asserts it should be $80 because, in multiple documents, the officer's returns for serving citations shows costs of $80 per return. The bill of costs about which Sims complains does not state which citations are included in the $160 fee. Therefore, based on this record, we cannot conclude the bill of costs provided by the Clerk of the District Court of Dallas County incorrectly lists the costs of "Local Citation" as $160. We overrule Sims's fourth issue.

We affirm the trial court's judgment.


/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE


180712F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SANDRA L. SIMS, Appellant

No. 05-18-00712-CV     V.

DALLAS COUNTY, PARKLAND
HOSPITAL DISTRICT, DALLAS
COUNTY COMMUNITY COLLEGE
DISTRICT, DALLAS COUNTY SCHOOL
EQUALIZATION FUND, DALLAS
INDEPENDENT SCHOOL DISTRICT
AND CITY OF DALLAS, Appellees

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. TX-16-02150.
Opinion delivered by Justice Nowell.
Justices Bridges and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees DALLAS COUNTY, PARKLAND HOSPITAL
DISTRICT, DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, DALLAS COUNTY
SCHOOL EQUALIZATION FUND, DALLAS INDEPENDENT SCHOOL DISTRICT AND
CITY OF DALLAS recover their costs of this appeal from appellant SANDRA L. SIMS.

Judgment entered this 7th day of May, 2019.