

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00015-CV

**TRINITY TOWING, INC.**,
Appellant

v.

Joshua **RUBIO**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2022CV03429
Honorable David J. Rodriguez, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:    Beth Watkins, Justice
            Liza A. Rodriguez, Justice
            Lori I. Valenzuela, Justice

Delivered and Filed: October 18, 2023

REVERSED AND REMANDED

In this restricted appeal, appellant Trinity Towing, Inc. challenges a no-answer default judgment. We reverse the judgment and remand for further proceedings.

### BACKGROUND

On June 21, 2022, Trinity towed appellee Joshua Rubio's vehicle from the parking lot of an apartment complex. The clerk's record contains a document showing Rubio retrieved his vehicle the same day and paid $222.53 in towing and storage fees.

Rubio requested a hearing in Bexar County Justice Court to determine whether probable cause existed for the tow. *See* TEX. OCC. CODE ANN. § 2308.458(c)(1). On July 8, 2022, the justice court signed a judgment finding that "[p]robable cause existed for the removal and placement of the vehicle in storage, and the vehicle owner or operator shall pay the costs of the removal and storage, plus costs of court, if any[.]"

The clerk's record contains a letter from the clerk of the justice court indicating that Rubio filed a notice of appeal from the justice court's judgment. The record does not, however, contain the notice of appeal.

Rubio's appeal was subsequently docketed in Bexar County Court at Law Number 3, and the record of the justice court proceedings was transferred to the county court. Rubio does not appear to have filed any additional pleadings in the county court, and Trinity did not file an answer. On October 21, 2022, Rubio appeared at a hearing in the county court. Following that hearing, the county court signed a judgment awarding him $20,000 in damages. The clerk's record indicates this amount included a $2,400 "research fee"; $100 for "paper & printing fee"; $100 for "electricity usage"; $100 for "travel expenses"; $16,300 for "emotional pain & suffering"; and $1,000 for "towing reimbursement."

The record does not show that Trinity received notice of the October 21 hearing, and the county court's judgment recited that Trinity did not appear at the hearing. Trinity did not file any post-judgment motions or requests for findings of fact and conclusions of law.

On December 1, 2022, the County Clerk of Bexar County issued a writ of execution and an abstract of judgment. On January 3, 2023, Trinity filed a notice of restricted appeal. On January 12, 2023, the official court reporter for the county court filed an affidavit in this court averring that she did not make a record of any proceedings in this case.

**ANALYSIS**

***Standard of Review and Applicable Law***

To prevail in a restricted appeal, the appellant must show: (1) it filed a notice of appeal within six months of the date the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the challenged judgment and did not file any timely post-judgment motions or requests for findings of fact and conclusions of law; and (4) there is error apparent on the face of the record. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Because the appellate record establishes that Trinity satisfied the first three elements, we consider only whether there is error apparent on the face of the record. *See id.*; *Stone v. Talbert Operations, LLC*, No. 04-14-00008-CV, 2014 WL 7439931, at *1 (Tex. App.—San Antonio Dec. 31, 2014, no pet.) (mem. op.).

In a restricted appeal, the face of the record includes "all papers on file in the appeal, including the reporter's record." *Vilt & Assocs., P.C. v. Parker*, No. 04-19-00416-CV, 2020 WL 5027394, at *6 (Tex. App.—San Antonio Aug. 26, 2020, no pet.) (mem. op.). A claim that the evidence is legally insufficient to support a judgment is reviewable in a restricted appeal. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). Additionally, we have repeatedly held that error is apparent on the face of the record when a trial court awards unliquidated damages in a no-answer default judgment and no record was made of the evidentiary hearing that resulted in the judgment. *See Hodge v. Hanor*, No. 04-18-00255-CV, 2019 WL 73257, at *2–3 (Tex. App.—San Antonio Jan. 2, 2019, no pet.) (mem. op.); *State Farm Cnty. Mut. Ins. Co. of Tex. v. Diaz-Moore*, No. 04-15-00766-CV, 2016 WL 6242842, at *3 (Tex. App.—San Antonio Oct. 26, 2016, no pet.) (mem. op.); *Stone*, 2014 WL 7439931, at *1–2.

*Application*

As noted above, the record shows the county court's $20,000 award to Rubio included $16,300 for "emotional pain & suffering." The clerk's record does not contain any pleadings or evidence to support a pain and suffering award, and the court reporter filed an affidavit stating that no reporter's record was taken of the hearing that resulted in the challenged judgment.

It is well-established that pain and suffering damages are "unliquidated and incapable of precise mathematical calculation[.]" *Thomas v. Uzoka*, 290 S.W.3d 437, 454 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *Living Ctrs. of Tex., Inc. v. Penalver*, No. 04-09-00320-CV, 2010 WL 1708333, at *4 (Tex. App.—San Antonio Apr. 28, 2010, pet. denied) (mem. op.); *see also Hodge*, 2019 WL 73257, at *2 (comparing liquidated and unliquidated damages). Accordingly, even if we assume pain and suffering damages were available in this proceeding,[1] the record shows the county court awarded Rubio unliquidated damages in a no-answer default judgment. Because no reporter's record was made of the evidentiary hearing that resulted in that judgment, error is apparent on the face of the record. *See Hodge*, 2019 WL 73257, at *2–3; *Diaz-Moore*, 2016 WL 6242842, at *3; *Stone*, 2014 WL 7439931, at *1–2.

## CONCLUSION

We reverse the county court's judgment and remand this cause for further proceedings.

Beth Watkins, Justice

---

[1] The Texas Occupations Code provides that in a hearing to determine whether probable cause existed to tow a vehicle, "[t]he court may award: (1) court costs and attorney's fees to the prevailing party; (2) the reasonable cost of photographs submitted under Section 2308.456(b)(8) to a vehicle owner or operator who is the prevailing party; (3) an amount equal to the amount that the towing charge or booting removal charge and associated parking fees exceeded fees regulated by a political subdivision or authorized by this code or by Chapter 2303; and (4) reimbursement of fees paid for vehicle towing, storage, or removal of a boot." TEX. OCC. CODE ANN. § 2308.458(e).