**Affirmed and Opinion Filed November 18, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-00296-CV**

**CAP CITY MOTORS, LLC, Appellant**
**V.**
**EXETER FINANCE, LLC, Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-23-09761**

# MEMORANDUM OPINION

Before Justices Nowell, Miskel, and Breedlove
Opinion by Justice Breedlove

This is a restricted appeal challenging a default judgment. Appellant Cap City Motors, LLC did not appear or answer appellee Exeter Finance, LLC's suit seeking damages for breach of contract and fraud. In two issues, Cap City contends that the trial court erred by rendering judgment against it because it is not a party to the agreement at issue and it lacks minimum contacts with Texas. Concluding that there is no error on the face of the record, we affirm.

## BACKGROUND

Plaintiff/appellee Exeter Finance, LLC is in the business of purchasing automobile retail installment sales contracts from automobile dealerships. Defendant/appellant Cap City Motors, LLC, is an automobile dealer. Exeter and "Car Ko LLC, d/b/a Cap City Motors, LLC" entered into a "Non-Recourse Dealer Agreement" on December 2, 2020.

Exeter filed this suit on July 18, 2023, against Cap City for breach of the Agreement and fraud. Exeter alleges that Cap City falsely represented that the vehicles serving as collateral for the Agreement included certain options and features that the vehicles did not actually include.

The Agreement's initial recital provides: "This is a Non-Recourse Dealer Agreement by and among Exeter Finance LLC, a Delaware limited liability company ("Exeter"), and the undersigned automobile dealer, on behalf of itself and each affiliate and subsidiary dealership set forth on the signature page hereto (individually and collectively referred to as "Dealer")." The identity of "Dealer" is not specified until the signature page:

IN WITNESS WHEREOF, Exeter and Dealer have executed this Agreement with proper authority effective as of the last date written below.

Exeter Finance LLC

By: _____     Name: __Rush Giffin_____

Title: __VP Dealer Services_____     Date: __1/06/2021_____

Dealer

Dealership legal name: __Car Ko llc_____

On behalf of itself, its affiliates and subsidiaries set forth below

DBA: __Cap City Motors llc_____

By: _____     Name: __Ledio Konomi_____
(signature of authorized signatory for dealer)      (printed name of authorized dealer signatory)

Title: __Owner_____     Date: __12-2-2020_____

The Agreement provides that it "shall be governed by and interpreted in all respects by the laws of the State of Texas, without regard to any conflicts of law principles or choice of laws. Each party irrevocably submits to the exclusive jurisdiction and venue of state and federal courts located in Dallas County, Texas in any legal suit, action or proceeding arising out of, relating to or based upon this Agreement."

Exeter filed suit on July 18, 2023, and requested service of process on "Cap City Motors, LLC" by serving the Texas Secretary of State. The record includes the Texas Secretary of State's certification that "a copy of the Citation and Original Petition" was served by certified mail, return receipt requested, to Cap City Motors, LLC at an address in Columbus, Ohio, and a return receipt was "received in this office dated August 21, 2023, bearing signature." When Cap City did not appear or answer, Exeter filed a motion for default judgment. The trial court rendered a default

–3–

judgment on September 17, 2023, awarding Exeter damages of $586,129.63, accrued interest of $7,735.97, and attorney's fees and costs of $10,288.92, for a total judgment of $604,154.52.

Cap City filed a "Notice of Appeal by Writ of Error" in the trial court on March 11, 2024, and in this Court the following day. In two issues, Cap City contends the trial court erred by rendering a default judgment because (1) "the State of Texas does not have personal jurisdiction over Cap City Motors, LLC, and therefore, cannot issue a binding judgment over it," and (2) "Cap City Motors, LLC" is not an assumed name of Car Ko, LLC, precluding application of rule 28, Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 28 ("Suits in Assumed Name").

## DISCUSSION

### 1. Restricted appeal

To prevail on its restricted appeal,[1] Cap City must establish that "(1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.013 (appeal by

---

[1] "Restricted appeals" under appellate procedure rule 30 have replaced the former "writ of error" practice, but "[s]tatutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals." TEX. R. APP. P. 30.

writ of error may be taken at any time within six months after the date final judgment is rendered); TEX. R. APP. P. 30 (restricted appeal to court of appeals in civil cases).

Review by restricted appeal "affords an appellant the same scope of review as an ordinary appeal, that is, a review of the entire case." *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). "The only restriction on the scope of writ of error review is that the error must appear on the face of the record." *Id.* The "face of the record . . . consists of all the papers on file in the appeal." *Id.* "The rule has long been that evidence not before the trial court prior to final judgment may not be considered in a writ of error proceeding." *Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991).

## 2. Parties to Agreement

Cap City's appellate issues arise from its contention that it was not a party to the Agreement. Cap City contends that it was "inadvertently listed as a 'DBA' in the Agreement (as opposed to "Cap City Motors")," and argues that "Car Ko, LLC did not sign on behalf of any 'affiliates or subsidiaries' in the Agreement." There is nothing on the face of the record to support this contention, however. To the contrary, the signature line shows that Ledio Konomi signed the Agreement as "authorized dealer signatory" for "Car Ko LLC On behalf of itself, its affiliates and subsidiaries set forth below[,] DBA: Cap City Motors LLC." Without evidence on the face of the record to support Cap City's contention that it was "inadvertently" listed as a party to the Agreement, Cap City cannot prevail on its restricted appeal.

*See Alexander*, 134 S.W.3d at 848 (court could not consider extrinsic evidence in restricted appeal).

Cap City also argues that civil procedure rule 28, allowing suit by or against parties in their "partnership, assumed or common name[s]," does not apply because "Cap City Motors, LLC is not an 'assumed name' of Car Ko, LLC." Texas rule of civil procedure 28 provides:

> Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted.

TEX. R. CIV. P. 28. Cap City contends that Exeter did not sue Car Ko—the correct entity—by filing suit against it "in its partnership, assumed or common name." Cap City argues that instead, Exeter "sued the wrong entity." Citing *Moore v. Hooters of America, LLC*, No. 11-21-00168-CV, 2023 WL 2697772, at *4 (Tex. App.—Eastland Mar. 30, 2023, pet. denied) (mem. op.), Cap City argues that rule 28 does not apply under these facts.

In *Moore*, the plaintiff was injured at a Hooters restaurant that was owned and operated by TW Restaurant Holder, LLC (TWR). *Id.* at *1. Hooters of America, LLC was a parent business entity to TWR. *Id.* The plaintiff sued and served Hooters of America, LLC, and that entity filed a timely sworn verified denial asserting a defect as to parties. *Id.* Hooters of America, LLC then filed a motion for summary judgment on the ground that it was not a proper party to the lawsuit. *Id.* at *3. Moore

responded that under rule 28, TWR was properly sued by naming Hooters using its "assumed or common name." *Id.* The court of appeals rejected Moore's argument, concluding that rule 28 did not apply where Moore sued "Hooters of America, LLC" in its "proper corporate name," rather than suing "Hooters," its "common name." *Id.* at *4. The court explained that rule 28 did not apply where Moore sued "the wrong entity," rather than misnaming the correct entity. *Id.*

Exeter distinguishes *Moore*, arguing that "Cap City is a party to the Agreement and it identified itself in the Agreement as the assumed name or 'd/b/a' of Car Ko." Further, unlike Hooters of America, LLC, Cap City did not file a timely sworn verified denial or otherwise allege a defect of parties even though the record reflects proper service of process on Cap City. *See id.* at *1. There is nothing on the face of the record to support Cap City's contention that it is not a party to the Agreement. We overrule Cap City's second issue.

## 3. Personal jurisdiction

In its first issue, Cap City argues that "Texas does not have personal jurisdiction over Cap City Motors, LLC." The Agreement expressly provides, however, that Texas law applies and each party submits to the exclusive jurisdiction and venue of courts in Dallas County for any suit arising out of or relating to the Agreement. "When claims fall within the scope of a forum-selection clause, application of the Texas long-arm statute and analysis of a defendant's contacts with Texas are unnecessary." *Southampton Ltd. v. Four Horsemen Auto Grp., Inc.*,

No. 05-14-01415-CV, 2016 WL 3964731, at \*4 (Tex. App.—Dallas July 20, 2016, no pet.) (mem. op.); *see also RSR Corp. v. Siegmund*, 309 S.W.3d 686, 704 (Tex. App.—Dallas 2010, no pet.) (collecting cases).

Exeter has pleaded that Cap City breached "representations, warranties, or covenants" it made in the Agreement and committed fraud by falsely representing "that the vehicles contained certain equipment options that purportedly increased the value of the vehicles (as collateral)." Because Exeter has filed a "legal suit, action or proceeding arising out of, relating to or based upon th[e] Agreement," Cap City has expressly consented to the "exclusive jurisdiction and venue" of courts in Dallas County, Texas. Accordingly, we need not consider Cap City's contentions that it lacks minimum contacts with Texas. *See Southampton, Ltd.*, 2016 WL 3964731, at \*4. We overrule Cap City's issues.

## CONCLUSION

The trial court's judgment is affirmed.

240296f.p05

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CAP CITY MOTORS, LLC,
Appellant

No. 05-24-00296-CV     V.

EXETER FINANCE, LLC, Appellee

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-23-09761.
Opinion delivered by Justice
Breedlove. Justices Nowell and
Miskel participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Exeter Finance, LLC recover its costs of this appeal from appellant Cap City Motors, LLC.

Judgment entered this 18th day of November, 2024.